ADAMS LAW GROUP, LTD.
JAMES R. ADAMS, ESQ.
Nevada Bar No. 6874
ASSLY SAYYAR, ESQ.
Nevada Bar No. 9178
8681 W. Sahara Ave, Suite 280
Las Vegas, Nevada 89117
Tel: 702-838-7200
Fax: 702-838-3636
james@adamslawnevada.com
*Attorneys for Plaintiffs*

PUOY K. PREMSRIRUT, ESQ., INC.
Puoy K. Premsrirut, Esq.
Nevada Bar No. 7141
520 S. Fourth Street, 2nd Floor
Las Vegas, NV 89101
(702) 384-5563
(702)-385-1752 Fax
ppremsrirut@brownlawlv.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NICHOLAS OTOMO, an individual; TIMOTHY MCCRIGHT, and individual, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NEVADA ASSOCIATION SERVICES, INC., a Nevada corporation; and DAVID STONE, an individual,<br><br>Defendants. | Case No.: 2:10cv-02199-LRH-GWF<br><br>**DECLARATION OF TIMOTHY MCCRIGHT** |

I, TIMOTHY MCCRIGHT, having been duly sworn and under penalty of perjury, do hereby declare and affirm as follows:

1. Affiant is over the age of 18, and am mentally competent.

2. Affiant has personal knowledge of the facts contained in this Affidavit and if called to testify under oath, he could and would do so.

3. On February 4, 2011, pursuant to a Notice of Foreclosure Sale and Defendants agreement to continue the foreclosure auction from December 23, 2010, to February 4, 2011 (#6 at Ex. 24,

"NFS" and Declaration of James R. Adams at Ex. 1) Defendants threaten to hold a homeowners' association lien foreclosure sale to foreclose on my residence located within the Willow Tree Homeowners' Association (the "Subject Property").

4. The NFS states the amount owed by me is $2,629.67. However, I have already paid current any and all association fees due and owing by me to Willow Tree Homeowners' Association (hereinafter Willow Tree "HOA") and am in good standing with Willow Tree HOA. I do not owe Willow Tree HOA $2,629.67 or owe that amount to Defendants.

5. In a letter dated October 8, 2010, the Willow Tree HOA affirmed that, "... Tim McCright, a homeowner at Willowtree Condominiums... is an owner in good standing with the Willow Tree Homeowners Association. As of October 1, 2010, he has a zero balance in regard to his monthly assessments and/or fines accrued." ("10/8/10 Letter," Ex. 1).

6. On February 13, 2009, Defendant Nevada Association Services sent to me a letter stating that I was delinquent in my homeowners' association assessments (#6 at Ex. 5). The letter stated, "If you want to resolve this matter before a Notice of Default Assessment Lien is recorded and sent to you pursuant to Nevada Revised Statutes, you must, within 10 days of this letter, pay the balance due.... Should you decide not to pay within the 10 day period, this office will be entitled to proceed with the preparation and recordation of the Notice of Delinquent Assessment Lien."

7. On March 2, 2009, Defendant recorded a document titled Notice of Delinquent Assessment Lien (#6 at Ex. 9, "Delinquent Lien Notice").

8. On March 25, 2009, Defendant sent a letter to me informing me they would "soon proceed with a non-judicial foreclosure action" if I did not pay back due assessments (#6 at Ex. 21).

9. On April 2, 2009, I sent a letter to Defendant stating I would agree to make payments of $50.00 per month to make up my back due assessments (Ex. 2).

10. On April 12, 2009, I sent a second letter to Defendant stating I had not heard back from Defendant regarding my offer to pay $50.00 per month toward my past due assessments (Ex. 3);

11. On July 2, 2009, Defendant sent me a letter proposing I pay $462.00 per month to make up my

past due assessments (#6 at Ex. 11). Defendant's July 2, 2009, letter failed to mention any fee that would be charged for the payment plan. My signature was requested if I agreed to the terms. I did not sign the payment plan agreement letter.

12. Regardless of the fact that I did not sign the payment plan agreement letter nor agree to the payment plan, on July 20, 2009, Defendant sent a letter to me stating, "As you know, you have breached the terms of the previously agreed upon payment plan... If you fail to remit payment within 5 days... this office will be forced to proceed with the non-judicial foreclosure action." (#6 at Ex. 15).

13. I sent a letter to Defendant stating that $50.00 was all I could afford and that the association community management company had agreed to accept the $50.00 per month (Ex. 4).

14. On August 13, 2009, Defendant sent me a letter proposing I pay $200.00 per month to make up my past due assessments (#6 at Ex. 12). Defendant's August 13, 2009, letter failed to mention any fee that would be charged for the payment plan. My signature was requested if I agreed to the terms. I did not sign the payment plan agreement letter.

15. Regardless of the fact that I did not sign the offer letter nor agree to the payment plan, on August 31, 2009, Defendants sent a letter to me stating, "As you know, you have breached the terms of the previously agreed upon payment plan... If you fail to remit payment within 5 days... this office will be forced to proceed with the non-judicial foreclosure action." (#6 at Ex. 16).

16. Despite me having never signed any payment plan agreement or agree to any fee for a payment plan, and despite Defendant failing to inform me that any fee would be due for a payment plan, because of a spreadsheet they sent to me, I believe in December of 2009 Defendant charged me $300.00 for a "payment plan" (#6 at Ex. 18).

17. On January 4, 2010, once again Defendant sent me a letter proposing I pay $462.00 per month to make up my past due assessments (#6 at Ex. 13). Defendant's January 4, 2010, letter failed to mention any fee that would be charged for the payment plan. My signature was requested if I agreed to the terms. Once again I did not sign the payment plan agreement letter.

18. On January 7, 2010, I sent Defendant a letter stating, "We received your payment schedule and we reject it." (Ex. 5).

19. Because of a spreadsheet they sent to me, I believe on January 19, 2010, Defendant increased the un-consented "payment plan fee" (for a payment plan that I never agreed to) from $300.00 to $450.00. Other unexplained fees included a $150.00 "Misc Charge" and a $50.00 "Statutory Filing Fee." Further, I was charged $325.00 for the filing of the Notice of Delinquent Assessment Lien and, even though the account had not been fully paid at that time, $30.00 for preparing the "Lien Release" (#6 at Ex. 19).

20. On February 22, 2010, I "paid in full" the remaining $592.50 of past due assessments bringing my account current with Willow Tree HOA (Ex. 6).

21. On March 25, 2010, Defendant produced a spreadsheet showing that I had no past due assessments. The spreadsheet showed only the collection fees claimed by Defendants against me (Ex. 7).

22. Currently, I simply cannot financially afford to pay the incorrect and improper collection agency fees. I have signed no contract with them and I do not believe I am under any obligation to pay them for collection fees that they wrongly imposed upon me.

23. If the foreclosure occurs, I will lose the only property I own.

24. I have either received or sent all the exhibits attached to my motion for preliminary injunction and attest to their authenticity.

FURTHER AFFIANT SAYETH NAUGHT.

_____
TIMOTHY MCCRIGHT

Sworn to and subscribed before me
this 13th day of January, 2011.

_____
Notary Public in and for said
County and State.

Toni P. Hansen
Notary Public
State of Nevada
Date Appointment Exp: 02-09-11
Certificate No: 98-49523-1

## CERTIFICATE OF SERVICE

I certify that I am an employee of Adams Law Group, Ltd., and that I served the forgoing **DECLARATION OF TIMOTHY MCCRIGHT** on all parties to this action by:

| | |
|---|---|
| x | Placing an original or true copy thereof in a sealed enveloped place for collection and mailing in the United States Mail, at Las Vegas, Nevada, postage paid, following the ordinary business practices; |
| | Hand Delivery |
| | Facsimile |
| | Overnight Delivery |
| | Certified Mail, Return Receipt Requested. |

Patrick J. Reilly, Esq.
Holland & Hart, LLP
3800 H. Hughes Parkway, 10th Flr.
Las Vegas, Nevada 8919
Attorneys who previously consented to accept service in this action on behalf of Defendants

Nevada Association Services, Inc.
c/o David Stone, Resident Agent
6224 W. Desert Inn Road, Suite A
Las Vegas, Nevada 89146

David Stone
6224 W. Desert Inn Road, Suite A
Las Vegas, Nevada 89146

Dated this 13th day of January, 2011.

_____
An Employee of Adams Law Group, Ltd