UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLAS OTOMO, TIMOTHY McCRIGHT, on behalf of themselves and all those similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>NEVADA ASSOCIATION SERVICES, INC. and DAVID STONE,<br><br>　　　　　　　Defendants. | Case No.  2:10-cv-02199-JCM-GWF<br><br>**ORDER, FINDING AND RECOMMENDATION**<br><br>Defendants' Motion to Enforce Settlement Agreement (#87) |

　　　　This matter comes before the Court on Defendants' Motion to Enforce Settlement Agreement (#87) filed on February 14, 2014.  No opposition was filed in this matter.  A hearing on Defendants' Motion (#87) took place on March 19, 2014, the Honorable Magistrate Judge Foley, presiding.  Patrick J. Reilly, Esq., attorney for Defendant Nevada Association Services, Inc., and James R. Adams, Esq., attorney for Plaintiff Otomo were present.

**BACKGROUND**

　　　　Plaintiffs brought a proposed class action lawsuit against Defendants for claims under the Fair Debt Collection Practices Act ("FDCPA") and the Nevada Deceptive Trade Practices Act, as well as for declaratory relief, injunctive relief, and negligence per se.  *See Doc.* #6.  The parties entered into a Settlement Agreement, in which Plaintiff Otomo agreed to pay his remaining balance of $3,307.72 to the homeowner association and a $200.00 management company fee within thirty (30) days of its execution.  *See Doc.* #87 at Exhibit A.  The Settlement Agreement also set forth a provision entitling a prevailing party to reasonable attorney's fees and reimbursement of costs if the party was forced to litigate to enforce the provisions of the Settlement Agreement.  *Id.*  Plaintiff

Otomo executed the Settlement Agreement on June 10, 2013, thereby requiring him to pay his balance and fees by July 10, 2013. *Id*. Plaintiff Otomo failed to pay his outstanding assessment in full as of July 10, 2013. *See Doc.* #87. At a status conference held on January 8, 2014 before the Honorable Judge Mahan, Plaintiff's counsel informed the court that a settlement agreement was reached and Plaintiff was waiting for his income tax refund check to pay the amount reached in the settlement agreement. *See Minutes of Proceeding, Doc.* #86. On February 4, 2014, Defendants emailed Plaintiff inquiring about the payment status to which Plaintiff responded the tax returns had not yet been filed. *See Doc.* #87 at Exhibit B. Defendants then filed this Motion to Enforce Settlement Agreement (#87).

## DISCUSSION

It is a well-settled principle that a court has inherent power summarily to enforce a settlement agreement involving an action pending before it; the actual merits of the controversy become inconsequential. *See Dacanay v.* Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978). The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation. *See In re Springpark Assoc.*, 623 F.2d 1377, 1380-81 (9th Cir. 1980). Furthermore, under Nevada law, an agreement to settle pending litigation can be enforced by motion in the case being settled if the agreement is either reduced to a signed writing or entered in the court minutes following a stipulation. *See Grisham v. Grisham*, 289 P.3d 230, 233 (Nev. 2012).

Here, the parties reached a valid Settlement Agreement which was reduced to writing and executed by the parties while represented by separate counsel. Plaintiff Otomo failed to pay his outstanding assessment by July 10, 2013, pursuant to the Settlement Agreement. Thus, Plaintiff is in clear breach of his obligations under the Settlement Agreement. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Enforce Settlement (#87) is **granted.** Pursuant thereto,

. . .

. . .

**RECOMMENDATIONS**

**IT IS HEREBY RECOMMENDED** that Judgment be entered against Plaintiff Nicolas Otomo in favor of Defendants in the amount of $3,507.02, and that Defendants be granted reasonable attorney's fees incurred in obtaining this Judgment.

**IT IS FURTHER RECOMMENDED** that Plaintiff shall file a financial affidavit within thirty (30) days after entry of Judgment, the purpose of which is to assess an appropriate award of attorney's fees against Plaintiff.

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 21st day of March, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge