1

2

3

4

5          **UNITED STATES DISTRICT COURT**

6          **DISTRICT OF NEVADA**

7

8    NICOLAS OTOMO, TIMOTHY McCRIGHT,          )
     on behalf of themselves and all those similarly    )
9    situated,                                          )
                                                        )
10            Plaintiffs,                                )      Case No.  2:10-cv-02199-JCM-GWF
                                                        )
11   vs.                                                )      **ORDER**
                                                        )
12   NEVADA ASSOCIATION SERVICES, INC.                  )
     and DAVID STONE,                                   )
13                                                      )
              Defendants.                               )
14   _____)

15          This matter comes before the Court on Defendants' award of attorney's fees pursuant to

16   Court Order (#92), entered on April 17, 2014.

17                              **BACKGROUND**

18          Plaintiffs brought a proposed class action lawsuit against Defendants for claims under the

19   Fair Debt Collection Practices Act ("FDCPA") and the Nevada Deceptive Trade Practices Act, as

20   well as for declaratory relief, injunctive relief, and negligence per se. *See Doc.* #6.  Plaintiffs

21   challenged Defendants' ability as a collection agency to enforce rights on behalf of the HOA and to

22   proceed with a foreclosure as part of its collection efforts.  The parties entered into a Settlement

23   Agreement, in which Plaintiff Otomo agreed to pay his remaining balance of $3,307.72 to the

24   homeowner association and a $200.00 management company fee within thirty (30) days of its

25   execution. *See Doc.* #87 at Exhibit A.  The Settlement Agreement also set forth a provision

26   entitling a prevailing party to reasonable attorney's fees and reimbursement of costs if the party was

27   forced to litigate to enforce the provisions of the Settlement Agreement. *Id.*  Plaintiff Otomo

28   executed the Settlement Agreement on June 10, 2013, thereby requiring him to pay his balance and

1    fees by July 10, 2013.  *Id.*  Plaintiff Otomo failed to pay his outstanding assessment in full as of

2    July 10, 2013.  *See Doc. #87.*

3        Defendants then filed a Motion to Enforce Settlement Agreement (#87), therein requesting

4    their attorneys' fees in bringing the motion.  *See Doc. #87* at pg. 6.  A motion hearing was held

5    before the undersigned on March 19, 2014.  In its Order (#92) entered April 17, 2014, the Court

6    granted Defendant's Motion to enforce the Settlement Agreement and granted Defendants'

7    reasonable attorney's fees incurred in obtaining the judgment.  The Court ordered Plaintiff to file a

8    financial affidavit within thirty days after entry of Judgment, the purpose of which was to assess an

9    appropriate award of attorney's fees against Plaintiff.  *See Doc. # 92.*  Plaintiff failed to comply

10   with the Court's order.  The Court now reviews Defendants' Motion for and Declaration in support

11   of attorney's fees to determine a reasonable award.

12                                              **DISCUSSION**

13       Pursuant to the Settlement Agreement the parties entered into, "[i]f any party files any

14   litigation to enforce this Agreement, then the prevailing party to any enforcement action shall be

15   entitled to reasonable attorney's fees and reimbursement of costs."  *See Doc. #87* at Exhibit 1, ¶ 10.

16   The Supreme Court has held that reasonable attorney fees must "be calculated according to the

17   prevailing market rates in the relevant community," considering the fees charged by "lawyers of

18   reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895-96

19   n. 11, 104 S.Ct. 1541 (1984).  Courts typically use a two-step process when determining fee

20   awards.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must

21   calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation

22   and multiplying it by a reasonable hourly rate."  *Id.*  Furthermore, other factors should be taken into

23   consideration such as special skill, experience of counsel, and the results obtained.  *Morales v. City*

24   *of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  "The party seeking an award of fees should

25   submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of

26   hours is inadequate, the district court may reduce the award accordingly."  *Hensley v. Eckerhart*,

27   461 U.S. 424, 433 (1983).  Second, the Court "may adjust the lodestar, [only on rare and

28   exceptional occasions], upward or downward using a multiplier based on factors not subsumed in

1  the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041,

2  1045 (9th Cir. 2000).

3       Defendants request a total of $2,175.00 in fees associated with its cost in bringing its

4  Motion (#87) to enforce settlement.  Defendants indicate that the time required to bring the

5  aforementioned motion was 7 hours.  Associate Attorney, Brian Anderson, provided 5 hours of

6  service in drafting the brief at an average rate of $295.00 per hour, for a total of $1,475.00.  Partner,

7  Patrick Reilly, provided 2 hours of services at an average rate of $350.00 per hour, for a total of

8  $700.00.  Mr. Reilly declared that the hourly rates charged are similar to those charged by

9  comparable law firms for similar legal issues.  Additionally, Mr. Reilly establishes that he

10  employed appropriate means to responsibly control fees and expenses.  For the motion in question,

11  for example, Mr. Anderson, an associate with a lower billing rate performed most of the research

12  and drafting while Mr. Reilly supervised the efforts, counseled on strategy, and communicated with

13  opposing counsel to avoid duplication of efforts.  Furthermore, both counsel have extensive years

14  of experience in commercial litigation, which must be accounted for in the fee calculation.  The

15  Declaration (#87-1) submitted in support of Defendants' motion for attorney's fees therefore

16  illustrates that the attorney's fees requested are reasonable.

17       The Court therefore awards Defendants total fees in the amount of $2,175.00.  The relevant

18  factors are subsumed in this calculation of the reasonable attorney's fees, and there are no other

19  exceptional circumstances which warrant enhancement or reduction of the fees.  Accordingly,

20       **IT IS HEREBY ORDERED** that Plaintiff Nicolas Otomo is ordered to pay Defendants the

21  sum total of $2,175.00.  Plaintiff shall have until **June 30, 2014** to pay the full amount of the fees

22  owed.

23       DATED this 22nd day of May, 2014.

24

25  _____

26  GEORGE FOLEY, JR.
    United States Magistrate Judge

27

28